R. C. HARRIS' ASSIGNEE *v.* W. B. ENGLAND.

[Abstract Kentucky Law Reporter, Vol. 1—271.]

**Bankruptcy—Assignment.**

When property is owned by a person at the time of the filing of a petition in bankruptcy, his assignment thereafter to another will convey nothing.

### APPEAL FROM MARION CIRCUIT COURT.

September 8, 1880.

OPINION BY JUDGE HINES:

The conveyance by the register to Spalding, assignee of Harris, operated to vest the assignee with title to all the property and choses in action belonging to Harris at the time of the filing of the petition in bankruptcy; and therefore, the claim in controversy being the property of Harris at the time of the filing of the petition in bankruptcy, September 1, 1876, and the assignment by Harris to the appellee having been made subsequent to that date, appellee took nothing by this assignment.

This is not an action or suit by the assignee in bankruptcy against one claiming an adverse interest. The fund for distribution, out of which the claim was to be paid, was in the hands of the court, and those entitled to it were awaiting the order of distribution. The assignee in bankruptcy had no cause of action against appellee or anyone else. The fund belonged to him as assignee, but the time of distribution depended upon the court in whose custody it was, and the fact that the litigation continued and the fund was not distributed until more than two years after the appointment of the assignee in bankruptcy, cannot affect his right to receive it whenever distributed.

Appellee had no standing in court, and no right to litigate the question presented by his alleged assignment. Section 5057 of the Federal Statutes applies as well to suits by creditors against assignees as to suits by assignees. The error of the court below was in entertaining appellee's complaint, because he was barred by the statute. Appellant, assignee in bankruptcy, is entitled to this fund, and the judgment is *reversed* and cause remanded with directions to so adjudge.

*Belden & Shuck, C. A. Johnston, for appellant.*
*Russell & Arritt, for appellee.*